UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**

SEP 0 7 2006



\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| HENRY A. KASDORF, | \* | CIV. 06-4040 |
| Plaintiff, | \* | |
| vs. | \* | |
| | \* | REPORT AND RECOMMENDATION |
| BOB DOOLEY, Warden; and | \* | TO DISMISS UPON SCREENING |
| DOUG WEBER, Warden; | \* | |
| all Defendants in their individual and | \* | |
| official capacities, | \* | |
| Defendants. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff is an inmate at the Mike Durfee State Prison in Springfield, South Dakota. While he does not say so, it is presumed this action is pursuant to 42 U.S.C. § 1983. (Otherwise jurisdiction in the federal court is absent). Plaintiff was previously granted *in forma pauperis* status. (Doc.6). His complaint has been screened pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1) & (2). For the reasons stated below Plaintiff's Complaint is **RECOMMENDED** for dismissal without prejudice for failure to state a claim upon which relief can be granted.

### BACKGROUND

Plaintiff has filed a complaint (Doc. 1) naming as defendants Bob Dooley, Warden at Springfield, and Doug Weber, Warden at Sioux Falls. He names them in their official and unofficial capacities. He has not described a claim against them. He has not described the relief he seeks. Rather, he has attached documents exchanged during the informal resolution process which express his complaint and the response by prison officials. His complaint is that prison officials lost his lumbar

back brace sometime during his transfer from the State Penitentiary in Sioux Falls to the State Prison in Springfield. Without his brace he experiences severe pain in his lower back, into both his legs, and into his feet. He also has trouble sleeping. He wants the back brace replaced and he wants it to be form fitted to the curvature of his spine. He wants an MRI to see how much damage has been done since his back brace has been lost. Prison officials first responded by saying they are trying to find his brace. Later they responded by saying they have been unable to find it, so they sent him to Tyndall and the physical therapist made a new back brace for him on February 8, 2006. When the Physicians Assistant saw him last she told him she wanted to review his outside records, specifically the MRI, to determine what to do next. If she believes it is necessary that he should have another back brace, it will be requested. This information was explained to Mr. Kasdorf on February 10, 2006. He filed his complaint on February 24, 2006.

On July 21, 2006 Mr. Kasdorf filed a motion for summary judgment (Doc. 11).

## DISCUSSION

An action may be dismissed for failure to state a claim upon which relief may be granted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The Court must assume as true all facts well pleaded in the complaint. Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995).

Liberally construed, Plaintiff's Complaint alleges a violation of the Eighth Amendment, brought pursuant to § 1983. The Eighth Amendment prohibits the infliction of cruel and unusual punishment. A prisoner's allegation of inadequate medical attention was recognized as a potentially viable claim for a violation of the prohibition against cruel and unusual punishment, via a § 1983

cause of action, in Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). To state a cause of action, the prisoner must sufficiently allege "deliberate indifference" to a prisoner's "serious illness or injury." Id., 429 U.S. at 105, 97 S.Ct. at 291. "This conclusion does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Id.

With regard to the "deliberate indifference" requirement, the courts have made clear that mere negligence or medical malpractice is not enough. Id., 497 U.S. at 107, 97 S.Ct. at 293. Likewise, a mere disagreement with a physician's treatment decisions does not rise to the level of an Eighth Amendment violation. Id., 429 U.S. at 105-06, 97 S.Ct. at 291-92; Randall v. Wyrick, 642 F.2d 304, 308 (8th Cir. 1981). To prevail on a claim of deliberate indifference, a plaintiff must prove: (1) he suffered objectively serious medical needs and; (2) the prison officials actually knew but deliberately disregarded those needs. Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997). To show deliberate indifference, the plaintiff must show prison officials "knew of, yet disregarded, an *excessive* risk to [his] health." Logan v. Clarke, 119 F.3d 647, 649 (8th Cir. 1997)(emphasis added, citations omitted).

"Prisoners do not have a constitutional right to any particular type of treatment. Prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996). A prisoner's difference of opinion over matters of expert medical judgment or a prescribed course of treatment does not rise to the level of a constitutional violation. Randall v. Wyrick, 642 F.2d 304, 308 (8th Cir. 1981). The Eighth Circuit has also noted that a prison health care system's failure to provide treatment that is "as extensive as a private health care provider"

3

might have offered does not rise to the level of deliberate indifference. Logan v. Clarke, 119 F.3d 647, 650 (8th Cir. 1997).

There is no respondeat superior liability for supervisors with regard to prisoner deliberate indifference claims. "A general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995). Prison officials who lack medical expertise cannot be held liable for the diagnostic decisions of medical staff. Id.

Mr. Kasdorf's back brace was lost. Another back brace was made for him by the physical therapist in Tyndall, South Dakota. The physicians assistant was waiting for medical records, specifically and MRI, so she could review them to determine whether the lost back brace needed replacement. There is no explanation in Mr. Kasdorf's complaint why the back brace made by the physical therapist is inadequate. Whether to replace the back brace is a medical decision. The medical professionals are not disregarding the request for a back brace. Wardens Bob Dooley and Doug Weber are not the medical professionals personally providing medical care to plaintiff. They are not vicariously liable for the medical decisions of the medical professionals who are providing medical care to plaintiff. Mr. Kasdorf's complaint fails to state a claim upon which relief can be granted.

Mr. Kasdorf's motion for summary judgment (Doc. 11) is premature. His complaint has not even been served yet, pending screening. If this REPORT AND RECOMMENDATION is adopted, the complaint will not be served. Rather it will be dismissed without being served because it fails to state a claim upon which relief can be granted.

4

## CONCLUSION

Wardens Bob Dooley and Doug Weber are not personally providing medical care to Mr. Kasdorf. They are not vicariously liable for the medical decisions of the medical professionals who are providing care for Mr. Kasdorf. The medical issues surrounding the replacement of Mr. Kasdorf's back brace are not being disregarded. Mr. Kasdorf has failed to allege a claim in his complaint upon which relief can be granted to him under the Eighth Amendment. It is **RECOMMENDED** that his complaint should be dismissed without prejudice for failure to state a claim upon which relief can be granted against Wardens Bob Dooley and Doug Weber.

## NOTICE TO PARTIES

The parties have ten (10) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990) and Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

Dated this 7th day of September, 2006.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:

JOSEPH HAAS, CLERK

By: Shelly Margulies, Deputy

5